UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARLENE SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| | ) | |
| | ) | Honorable Judge |
| v. | ) | |
| | ) | **Plaintiff Demands Trial by Jury** |
| ST. JAMES HOSPITAL | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, ARLENE SIMPSON, by her attorneys LAD LAW GROUP, P.C, and complains as follows against Defendant ST. JAMES HOSPITAL:

## PARTIES AND JURISDICTION

1. Plaintiff VANESSA JOHNSON is a citizen of the United States of America, and a citizen and resident of University Park, County of Will, Illinois.

2. Defendant ST. JAMES HOSPITAL ("St. James") is a corporation, organized under the laws of the state of Illinois, with offices located in, and doing business in Chicago Heights, County of Cook, Illinois.

3. At all relevant times, Plaintiff was an employee of St. James as that term is defined in 29 U.S.C. § 630(f) and 42 U.S.C. § 12111(4).

4. At all relevant times, St. James was an employer as defined in 29 U.S.C. § 630(b) and 42 U.S.C. § 12111(5)(A).

1

5. This is an action for damages for violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623 et. seq., Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et.seq.

6. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §1331, and §1343.

## FACTS

7. Plaintiff is an African-American female, and is over 40 years of age.

8. Plaintiff began working for St. James in approximately 1992.

9. Over the next 20 years, Plaintiff worked in various positions at St. James.

10. Plaintiff's last position at St. James was Registered Nurse.

11. While working as a Registered Nurse, Plaintiff performed her job duties satisfactorily. She received favorable evaluations, and frequently received thank you notes from her patients and their families.

12. In approximately June 2011, Ms. Simpson shared with her manager, Maureen Kelly (Caucasian, Female) that she was 2 ½ months pregnant. Plaintiff told Ms. Kelly that she had had prior complications with pregnancies and had miscarried.

13. Shortly after reporting her pregnancy, Ms. Kelly began to discriminate against Plaintiff.

14. On July 28, 2011, Ms. Kelly prepared a written Employee Corrective Action Report ("CAR"), laden with false accusations regarding Plaintiff's work performance.

15. The July 28, 2011 CAR contained allegations of patient complaints that allegedly occurred on July 9, 2011, July 13, 2011, and July 20, 2011.

16. Prior to July 28, 2011, Ms. Simpson had no knowledge of the July 9th, July 13th, and July 20th complaints.

17. On information and belief, St. James's practice, policy, and procedure is to notify Nurses immediately, or as soon as possible thereafter, if there has been patient complaints against them, in order to correct the alleged behavior immediately.

18. Plaintiff objected to the false allegations, and filed a grievance regarding the same.

19. On September 26, 2011, Plaintiff's doctor notified Defendant of Plaintiff's work restrictions due to her pregnancy, and listed her expected date of clearance of those restrictions as January 12, 2012.

20. On September 26, 2011, Maureen Kelley prepared another CAR, making false allegations regarding Plaintiff's work performance.

21. The allegation sin the September 26th CAR false, trumped up, and designed to discriminate against Plaintiff to have her terminated.

22. On September 30, 2011, Defendant terminated based on the false, trumped up allegations contained in the July 28, 2011 and September 26, 2011.

23. Defendant's discriminatory actions caused Plaintiff lost wages, and emotional distress.

24. On July 24, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of Race, Gender, Age, and Disability (Exhibit A, attached hereto).

25. On May 14, 2013, the EEOC issued Plaintiff a Right to Sue Letter (Exhibit B, attached hereto).

**COUNT I**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

26. Plaintiff repeats and realleges Paragraphs 1-25, as though fully set forth herein, as Paragraphs 1-25 of Count I of this Complaint.

27. Plaintiff is over 40 years of age.

28. Plaintiff performed her job duties satisfactorily. She received favorable evaluations, and often received thank you letters from her patients and their families.

29. Defendant discriminated against Plaintiff in one or more of the following ways:

   a. On July 28, 2011, Plaintiff was written up with a CAR laden with false allegations regarding her work performance;

   b. September 26, 2011, Plaintiff was written up again with a CAR, laden with false allegations regarding her work;

   c. The allegations in each CAR were trumped up, in effort to discriminate against Plaintiff and cause her termination.

   d. On or about September 30, 2011, Plaintiff was terminated, due to the false allegations in the July 28th and the September 26th write-ups.

   e. Plaintiff complained that the write-ups and her termination were discriminatory, and filed a grievance on October 6, 2011. Plaintiff's complaints were ignored.

30. Similarly-situated, younger employees were treated more favorably than Plaintiff, in that they were not subjected to the treatment outlined in Paragraph 27.

31. As a result of Defendant's conduct, Plaintiff suffered loss wages, and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

   A.   That this Honorable Court find that Defendant discriminated against Plaintiff on the basis of her Age;

B. That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

C. That this Honorable Court award pre-judgment interest and costs;

D. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

E. That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## RACE DISCRIMINATION

32. Plaintiff repeats and realleges Paragraphs 1-31, as though fully set forth herein, as Paragraphs 1-31 of Count II of this Complaint.

33. Plaintiff is African-American.

34. Plaintiff performed her job duties satisfactorily. She received favorable evaluations, and often received thank you letters from her patients and their families.

35. Defendant discriminated against Plaintiff in one or more of the following ways:

   a. On July 28, 2011, Plaintiff was written up with a CAR laden with false allegations regarding her work performance;

   b. September 26, 2011, Plaintiff was written up again with a CAR, laden with false allegations regarding her work;

   c. The allegations in each CAR were trumped up, in effort to discriminate against Plaintiff and cause her termination.

    d. On or about September 30, 2011, Plaintiff was terminated, due to the false allegations in the July 28th and the September 26th write-ups.

    e. Plaintiff complained that the write-ups and her termination were discriminatory, and filed a grievance on October 6, 2011. Plaintiff's complaints were ignored.

36. Similarly-situated, non-African-American employees were treated more favorably than Plaintiff, in that they were not subjected to the treatment outlined in Paragraph 36.

37. As a result of Defendant's conduct, Plaintiff suffered loss wages, and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

    A. That this Honorable Court find that Defendant discriminated against Plaintiff on the basis of her Race;

    B. That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

    C. That this Honorable Court award pre-judgment interest and costs;

    D. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

    E. That this Honorable Court award such other and further relief as it may deem just and equitable.

### COUNT II
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### GENDER DISCRIMINATION

38. Plaintiff repeats and realleges Paragraphs 1-37, as though fully set forth herein, as Paragraphs 1-37 of Count III of this Complaint.

39. Plaintiff is female.

40. Plaintiff performed her job duties satisfactorily. She received favorable evaluations, and often received thank you letters from her patients and their families.

41. Defendant discriminated against Plaintiff in one or more of the following ways:

    f. On July 28, 2011, Plaintiff was written up with a CAR laden with false allegations regarding her work performance;

    g. September 26, 2011, Plaintiff was written up again with a CAR, laden with false allegations regarding her work;

    h. The allegations in each CAR were trumped up, in effort to discriminate against Plaintiff and cause her termination.

    i. On or about September 30, 2011, Plaintiff was terminated, due to the false allegations in the July 28th and the September 26th write-ups.

    j. Plaintiff complained that the write-ups and her termination were discriminatory, and filed a grievance on October 6, 2011. Plaintiff's complaints were ignored.

42. Similarly-situated, non-male employees were treated more favorably than Plaintiff, in that they were not subjected to the treatment outlined in Paragraph 41.

43. As a result of Defendant's conduct, Plaintiff suffered loss wages, and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

A. That this Honorable Court find that Defendant discriminated against Plaintiff on the basis of her Gender;

B. That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

C. That this Honorable Court award pre-judgment interest and costs;

D. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

E. That this Honorable Court award such other and further relief as it may deem just and equitable.

### COUNT IV
### The Americans with Disabilities Act, 42 U.S.C. § 12112 et seq.

44. Plaintiff repeats and realleges Paragraphs 1-43, as though fully set forth herein, as Paragraphs 1-43 of Count IV of this Complaint.

45. In approximately June 2011, Ms. Simpson shared with her manager, Maureen Kelly (Caucasian, Female) that she was 2 ½ months pregnant. Plaintiff told Ms. Kelly that she had had prior complications with pregnancies and had miscarried.

46. During her pregnancy, Plaintiff was substantially limited in one or more daily life activities.

47. Defendant considered Plaintiff's pregnancy and limitations an actual and/or perceived disability.

48. Shortly after reporting her pregnancy, Ms. Kelly began to discriminate against Plaintiff.

49. On July 28, 2011, Ms. Kelly prepared a written Employee Corrective Action Report ("CAR"), laden with false accusations regarding Plaintiff's work performance.

50. On September 26, 2011, Plaintiff's doctor notified Defendant of Plaintiff's work restrictions due to her pregnancy, and listed her expected date of clearance of those restrictions as January 12, 2012.

51. On September 26, 2011, Maureen Kelley prepared another CAR, making false allegations regarding Plaintiff's work performance.

52. On September 30, 2011, Defendant terminated based on the false, trumped up allegations contained in the July 28, 2011 and September 26, 2011

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant violated Plaintiff's rights under the Americans with Disabilities Act, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

 A. That this Honorable Court find that Defendant violated Plaintiff's rights under the Americans with Disabilities Act by discriminating against Plaintiff, and by failing to provide a reasonable accommodation for Plaintiff's actual and/or perceived disability;

 B. That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

 C. That this Honorable Court award pre-judgment interest and costs;

D. That this Honorable Court award reasonable attorney's fees and costs; and

E. That this Honorable Court award such other and further relief as it may deem just and equitable.

Respectfully submitted,

By: /s/ Jemelle D. Cunningham
Plaintiff's Attorney

Jemelle D. Cunningham
LAD LAW GROUP, P.C.
401 S. LaSalle St. Suite 800-C
Chicago, Illinois 60605
(312) 252-3085